Otis L. WILSON, et al.,

v.

**MAYOR AND BOARD OF ALDERMAN OF ST. FRANCISVILLE, LA., et al.**

**Civil Action No. 92–0765–B.**

United States District Court,
M.D. Louisiana.

May 20, 1997.

William Patrick Quigley, Loyola Law School, New Orleans, LA, Laughlin McDonald, American Civil Liberties Union Fund, Inc., Atlanta, GA, for Otis L. Wilson, Willie Williams, Jr., and Shirley Johnson.

---

4. Exhibit A, defendant Riddle's motion to dismiss for lack of personal jurisdiction.

Michael H. Rubin, Rubin, Curry, Colvin & Joseph, APLC, Baton Rouge, LA, Christina Berthelot Peck, McGlinchey Stafford Lang, Baton Rouge, LA, for Mayor and Bd. of Alderman of Francisville, LA.

### RULING ON PLAINTIFFS' MOTIONS FOR ATTORNEYS FEES AND COSTS

POLOZOLA, District Judge.

This matter is before the Court for a determination of whether plaintiffs are entitled to attorneys fees and costs as the prevailing party in this action. For reasons which follow, the Court finds that the plaintiffs were not the prevailing party and, therefore, are not entitled to recover attorneys fees.

In 1992, this Court approved a consent judgment that had been agreed to between the parties. The consent judgment set forth an election plan which was to be followed by the defendants. In addition to approving the consent judgment, the Court also awarded attorneys fees and costs to the plaintiffs as the prevailing party in the case.

Thereafter, the defendants filed motion for relief from judgment. The primary issue on this motion was the constitutionality of the election plan which had been set forth in the consent judgment previously approved by the Court. After conducting a hearing on the motion for relief from judgment, the Court found that based on recent opinions from the United States Supreme Court, the election plan which had been set forth in the consent judgment was unconstitutional. The Court granted the defendants' motion for relief from judgment and approved an election plan which had been adopted by the defendants in 1992.[1] The fees currently sought by the plaintiffs are the fees incurred for their opposition to the defendants' motion.

It is clear that the defendants were the prevailing party on the motion for relief from judgment. The plaintiffs' attorneys have been fully and adequately compensated for the services they rendered in obtaining the initial consent judgment. However, the defendants—not the plaintiffs—were the successful party on the motion for relief from judgment. It simply would be a travesty to require the defendants to pay the plaintiffs' additional attorneys fees since the defendants were required to take the necessary action to correct the constitutional deficiencies in the consent judgment. Not only were the defendants the prevailing party on the motion, but there are special circumstances present in this case which justify and support the Court's decision that the defendants should not be penalized for taking action to change the unconstitutional plan which was set forth in the consent judgment. This is particularly so where the plan now approved by the Court had actually been adopted by the defendants in 1992, more than four years before this Court actually approved the plan.

In summary, plaintiffs were clearly not the prevailing party on the motion for relief from judgment. In addition, there are special circumstances which justify the Court's denial of attorneys fees to the plaintiffs under the facts of this case. The plaintiffs' counsel have been adequately compensated for their services in this case. Any additional award of attorneys fees or costs would not be fair, proper or in the interest of justice.

Therefore:

IT IS ORDERED that plaintiffs' motion for attorneys fees and costs be and it is hereby DENIED.

Judgment shall be entered accordingly.

---

1. The Court found that the 1992 plan cured all Section 2 violations, passed the test of strict scrutiny, and was a fair plan for all of the minority voters in the town of St. Francisville.